UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL CHANDLER,

                                 Petitioner,                    Case Number 2:16-cv-12608
                                                                   Hon. Arthur J. Tarnow

v.

J.A. TERRIS,

                                 Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

      Petitioner Nigel Chandler is a federal prisoner confined at the Federal Correctional Institution at Milan, Michigan. Petitioner was charged in the United States District Court for the Northern District of Texas with possession with intent to distribute more than 500 grams of cocaine and conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1). He was found guilty of both counts after a jury trial. On August 4, 2005, he was sentenced to 360 months imprisonment followed by five years of supervised release. *See Chandler v. United States*, 2014 U.S. Dist. LEXIS 71738 (N.D. Tex. May 27, 2014).

      The instant habeas petition was filed under 28 U.S.C. § 2241. As best the Court can discern from Petitioner's poorly drafted pleading, he asserts that: (1) he may file this action under § 2241 because his remedy under 28 U.S.C. § 2255 is inadequate in light of the recent Supreme Court decisions in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *McQuiggan v. Perkins*, 133 S.Ct. 1924 (2013), and (2) he has demonstrated his actual innocence through newly discovered evidence contained in the trial transcripts showing that his *Miranda* rights were violated, the DEA conducted an illegal search and seizure, Petitioner was entrapped into committing the narcotics offenses, no

voice analysis was performed with respect to recorded phone conversations, the prosecutor committed misconduct at trial, and insufficient evidence was presented at trial to demonstrate that Petitioner was involved in a conspiracy.

Petitioner alleges that his conviction and sentence were affirmed on direct appeal, and he admits that he filed a petition for post-conviction review under 28 U.S.C. § 2255 that was denied as untimely by the trial court. See *Chandler v. United States*, *supra*. Petitioner asserts that this determination was upheld by the Fifth Circuit.

Because Petitioner has failed to establish that his remedy under § 2255 is inadequate or ineffective, the petition for writ of habeas corpus will be denied. Petitioner will also be denied permission to appeal this decision in forma pauperis because any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## I. Discussion

Federal prisoners may bring a habeas corpus petition under § 2241 in the district where they are incarcerated if they are challenging the execution of their sentences or the manner in which their sentences are served. See *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The primary mechanism for challenging the legality of a federal sentence or for claiming the right to be released as a result of an unlawful sentence is to file a motion to vacate, set aside, or correct the sentence under § 2255 in the sentencing court. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); see *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56. Petitioner is challenging the legality of his sentence, as opposed to the execution or manner in which he is serving his sentence. Therefore, the proper remedy for his claims is a motion to vacate, set aside, or correct the sentence under § 2255.

The "savings clause" of § 2255 provides an exception to the rule that federal prisoners must challenge the legality of their sentences in a § 2255 motion. The exception applies when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), that is, when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 F. App'x 243, 248 (6th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)). It is the prisoner's burden to prove the remedy under § 2255 is inadequate or ineffective. See *Charles*, 180 F.3d at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because, as here, a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Id*. at 756-58.

Petitioner's argument the *Alleyne* somehow renders his remedy under § 2255 inadequate is without merit. See *Gelinas v. Terris*, No. 14-CV-10888, 2014 U.S. Dist. LEXIS 29304 (E.D. Mich. March 7, 2014) (dismissing § 2241 petition raising *Alleyne* claim because the petitioner had not shown that § 2255 was inadequate or ineffective or that he was actually innocent); *Wells v. Snyder-Morris*, No. 15-CV-17-HRW, 2015 U.S. Dist. LEXIS 63706 (E.D. Ky. May 15, 2015) (same); *Woods v. Coakley*, 2013 U.S. Dist. LEXIS 101990 (N.D. Ohio July 22, 2013) (same); accord *Alsop v. Chandler*, 551 Fed. Appx. 217 (5th Cir. 2014) (affirming dismissal of § 2241 petition raising *Alleyne* claim); *Jackman v. Shartle*, 535 Fed. App'x 87 (3d Cir. Aug. 20, 2013) (affirming dismissal of § 2241 petition raising several challenges to conviction and *Alleyne* issue).

Nor does *McQuiggan* show that Petitioner's remedy under § 2255 is inadequate. In *McQuiggin*, the Supreme Court merely held that, if proved, actual innocence permits state prisoners

-3-

to overcome the expiration of the statute of limitations in order to have the merits of his or her constitutional claims heard in an otherwise untimely § 2254 petition. *McQuiggin*, 133 S.Ct. at 1928. The case had no bearing on whether a federal prisoner may bring a § 2241 petition to challenge the validity of his federal conviction.

In addition to showing that his remedy is inadequate or ineffective under § 2255–a showing Petitioner has not made–Petitioner must also show "actual innocence" of the underling offenses to seek relief under §2241. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Actual innocence means "factual innocence, not mere legal insufficiency" and requires the petitioner to establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Here, Petitioner makes no showing of actual innocence. Petitioner has attached portions of his trial transcript purporting to show that the prosecutor committed various acts of misconduct, that other errors occurred at trial, and that the evidence was insufficient to sustain the verdict reached by the jury. Petitioner simply does not present the Court with new evidence showing that it is more likely than not that no reasonable juror would have convicted him. Rather, he has merely proffered the Court with excerpts of his trial containing evidence the jury already heard.

Because Petitioner has not met his burden of establishing that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, or that he is actually innocent, he is not entitled to habeas relief from his criminal conviction under 28 U.S.C. § 2241. Accordingly, the Court will deny the petition for writ of habeas corpus.

-4-

II. Order

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Petitioner may not proceed on appeal in forma pauperis, however, because any appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 27, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 27, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

-5-