UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL CHANDLER,

                          Petitioner,              Case Number 2:16-cv-12608
                                                 Honorable Arthur J. Tarnow

v.

J.A. TERRIS,

                          Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION
[Dkt. 8]**

Petitioner, Nigel Chandler, a federal prisoner, filed this case under 28 U.S.C. § 2241, asserting that his conviction and sentence is invalid because of errors under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and because a review of the trial transcripts show that he is actually innocent. On October 13, 2016, the Court summarily dismissed the petition because Petitioner had not demonstrated that his remedy under 28 U.S.C. § 2255, was ineffective or inadequate. See *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012). Presently before the Court is Petitioner's motion for relief from judgment on the grounds that the savings clause of section 2241 permits review of his claim on the basis of his alleged actual innocence.

Petitioner's motion is properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Rule 7.1(h) allows a party to file a motion for reconsideration. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner asserts that the Court failed to afford him a merits review of his petition despite the fact that he made a claim of actual innocence. This argument is incorrect. The Court stated in its initial opinion:

> In addition to showing that his remedy is inadequate or ineffective under § 2255–a showing Petitioner has not made–Petitioner must also show "actual innocence" of the underling offenses to seek relief under §2241. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Actual innocence means "factual innocence, not mere legal insufficiency" and requires the petitioner to establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

> Here, Petitioner makes no showing of actual innocence. Petitioner has attached portions of his trial transcript purporting to show that the prosecutor committed various acts of misconduct, that other errors occurred at trial, and that the evidence was insufficient to sustain the verdict reached by the jury. Petitioner

simply does not present the Court with new evidence showing that it is more likely than not that no reasonable juror would have convicted him. Rather, he has merely proffered the Court with excerpts of his trial containing evidence the jury already heard.

Dkt. 6, at 4.

Because Petitioner is merely presenting issues which were already ruled upon by the court, either expressly or by reasonable implication, the motion for reconsideration is **DENIED**. See *Hence*, 49 F. Supp. 2d at 553.

**SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 8, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 8, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant